OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



March 12, 2002

Ms. Grace Shore, Chair
State Board of Education
c/o Texas Education Agency
1701 North Congress Avenue
Austin, Texas 78701-1494

Mr. Jim Nelson
Commissioner of Education
Texas Education Agency
1701 North Congress Avenue
Austin, Texas 78701-1494

Opinion No: JC-0478

Re: Whether the State Board of Education is authorized to control the adoption or development of statewide assessment instruments under chapter 39 of the Education Code, and related questions (RQ-0436-JC)

Dear Ms. Shore and Mr. Nelson:

You have asked this office a series of questions concerning the responsibilities of the Texas Education Agency (the "TEA"), the Commissioner of Education (the "Commissioner"), and the State Board of Education (the "State Board") with respect to statewide educational assessment instruments under chapter 39 of the Education Code. As we understand it, your questions center on the adoption of a proposed rule by the State Board concerning the development of test questions. We are asked whether the rule in question is within the authority of the State Board, and in particular whether sections 39.022 and 39.023(i) of the Education Code give the State Board authority to adopt the proposed rule.[1] Section 39.022 provides that the State Board "by rule shall create and implement a statewide assessment program," and section 39.023(i) provides that the provisions of section 39.023 with respect to adoption and administration of test instruments "are subject to modification by rules adopted under section 39.022." TEX. EDUC. CODE ANN. §§ 39.022, .023(i) (Vernon Supp. 2002).

We conclude that the power granted the State Board is that of creating and implementing the program generally. The legislature, however, has given the specific responsibility to "adopt or develop appropriate criterion-referenced assessment instruments" not to the State Board, but to the TEA, see id. § 39.023(a), and has given to the Commissioner the authority to "adopt rules for the

_____

[1]See Letter from Jim Nelson, Commissioner of Education and Grace Shore, Chair, State Board of Education, to Honorable John Cornyn, Texas Attorney General (Sept. 14, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

implementation" of section 39.023. *See* Act of May 30, 1999, 76th Leg., R.S., ch. 397, § 9, 1999 Tex. Gen. Laws 2502, 2505. To the extent that the adoption by the State Board of the rule in question would impinge upon authority specifically delegated to either the TEA or the Commissioner, such adoption is invalid.

Section 39.022 of the Education Code reads, in relevant part, "The State Board of Education by rule shall create and implement a statewide assessment program that is knowledge- and skills-based to ensure school accountability for student achievement that achieves the goals provided under Section 4.002." TEX. EDUC. CODE ANN. § 39.022 (Vernon Supp. 2002).

Section 39.023, on the other hand, is concerned with the adoption and administration of "assessment instruments," which is to say tests. Section 39.023(a) gives the TEA authority to "adopt and develop appropriate criterion-referenced assessment instruments designed to assess essential knowledge and skills in reading, writing, mathematics, social studies, and science." *Id.* § 39.023(a). Section 39.023(b) directs the TEA to develop or adopt tests "to be administered to each student in a special education program . . . for whom the assessment instruments [of subsection (a)] . . . would not provide an appropriate measure of student achievement." *Id.* § 39.023(b). Section 39.023(c) requires the TEA "to adopt secondary exit-level assessment instruments designed to be administered to students in grade 11 to assess essential knowledge and skills in mathematics, English language arts, social studies, and science." *Id.* § 39.023(c). Subsection (i), in relevant part, provides that "[t]he provisions of this subsection . . . are subject to modification by rules adopted under section 39.022." *Id.* § 39.023(i).

Subsections (a), (b), and (c) of section 39.023 were amended in 1999 as part of Senate Bill 103. *See* Act of May 30, 1999, 76th Leg., R.S., ch. 397, § 3, 1999 Tex. Gen. Laws 2502, 2502-03. In the same bill, the legislature provided that "*[t]he commissioner of education* shall adopt rules for the implementation of Section 39.023, Education Code, as amended by this Act." *Id.* § 9, 1999, Tex. Gen. Laws at 2505 (emphasis added). The legislature also set out several specific provisions that the Commissioner's rules must include. *See id.* The Commissioner must provide by rule that the State Board "shall administer" by a certain school year the various assessments instruments required by the enactment. *See id.* § 9(2), (4), (6), 1999 Tex. Gen. Laws at 2505; *see also* TEX. EDUC. CODE ANN. § 39.023(*l*) (Vernon Supp. 2002) (State Board shall adopt rule for administration in Spanish of assessment instruments adopted under subsection 39.023(a)). Thus, the Commissioner has been granted general rule-making authority under section 39.023 of the Education Code, while the State Board is required to administer the assessment instrument developed and adopted by the TEA.

As we understand the controversy that occasions your request, it stems from a rule that the State Board proposes to adopt as section 101.3(b)(4) of title 19 of the Texas Administrative Code, which reads: "No assessment shall provide a choice of answers of which all but one are very easily identified as false or impossible."[2] It is the view of the TEA's counsel that the adoption of such a

---

[2]The State Board of Education voted in favor of adding (b)(4) at its September 7, 2001, meeting. *See* www.

(continued...)

rule is outside the State Board's authority, and in particular that sections 39.022 and 39.023(i) do not provide the necessary basis for such adoption. Request Letter, *supra* note 1, at 2. We agree.

As you know, the general structure of public education in Texas was largely overhauled by the 1995 revision of the Education Code, popularly known as "Senate Bill 1." Further specifications of the respective duties of the Commissioner, the State Board, and the TEA, particularly with regard to test administration, were made by the legislature in Senate Bill 103, passed in 1999.

The division of duties and authority among the State Board, the Commissioner, and the TEA was discussed in the floor debate on Senate Bill 103 by Representative Scott Hochberg on May 24, 1999. In opposing proposed amendments to that bill that would have given additional authority to the Board, Representative Hochberg said:

> When we, at the request of the House, rewrote the Education Code a couple of sessions ago, this particular chapter [Chapter 39] had just been put into the Education Code, so it never came up for rewrite. *But at that time we separated the function of actually administering from the function of making decisions about what was in the curriculum.* The function of actually getting things done went to the [TEA] and the Commissioner, and the Commissioner was set up to be directly appointed by the Governor. Decisions on what's in the curriculum, as Mr. Howard has pointed out, remained in that code under the elected State Board of Education. *But the mechanics of designing a test to meet that, of hiring testing experts, of making sure that the test gets administered properly, that is being done today, not by the State Board, but by the Texas Education Agency under the Commissioner of Education* . . . .

*Debate on Tex. S.B. 103 Before the House Comm. on Public Education*, 76th Leg., R.S. (May 24, 1999) (emphasis added).

A colloquy somewhat later in the debate between Representative Scott Hochberg and Representative David Swinford is to the same effect:

> Rep. Swinford: Scott, whenever we rewrote the Education Code, what, two sessions back I guess, it was a real turn in what we had done in the past. What we did was we said the Board of Education, these are your responsibilities: one, two, three, four; Commissioner of Education, this is your responsibility: one, two, three, four; Agency, this is your responsibility. Those that we did not enumerate

---

[2](...continued)
tea.state.tx.us/minutes/0109-07min.html.

and particularly give went back to the local board.  Is that a true statement?

Rep. Hochberg:  That's pretty fair.

Rep. Swinford:  That's a pretty fair statement.  And during that time we left the State Board and it was one of the enumerations of that to do policy. *I mean they sit up there and they look at the overall policy, and we put the Agency and the Commissioner in the mechanics. . . .*

*Id.* (emphasis added).

Based upon this evidence, as well as on the plain language of sections (a) through (c) of section 39.023, we conclude in answer to your first question that any attempt by the State Board to adopt a rule controlling the delegated authority of the TEA to adopt and develop assessment instruments is beyond the State Board's authority.  The authority to develop these instruments has been specifically delegated to the TEA in subsections (a) through (c).  A state agency may not, by rule, gainsay a statute passed by the legislature:

> In promulgating rules, the agency receives guidances from two main sources.  First, the plain and clear language of the Legislature defines the extent of the authority delegated.  The legislative mandate establishes the guidelines within which the agency may function.  Also, the agency may not suspend laws enacted by the Legislature because that authority is limited exclusively to direct action by the Legislature.

*Land v. State*, 581 S.W.2d 672, 673 (Tex. Crim. App. [Panel Op.] 1979).

Nor, in our view, does the language of subsection 39.023(i) providing that the section is "subject to modification by rules adopted under Section 39.022," provide the State Board with authority to set aside the particular delegations made in the statute, *see* TEX. EDUC. CODE ANN. § 39.023(i) (Vernon Supp. 2002).  Section 39.022 gives the State Board authority to "create and implement a statewide assessment program." *Id.* § 39.022.  It does not by its terms provide authority over the details of that implementation, whereas subsections (a) through (c) specifically do provide such authority to the TEA. *See* TEX. GOV'T CODE ANN. § 311.026 (Vernon 1998) (specific enactment to be preferred to general).

Moreover, any expansive reading of the State Board's authority under sections 39.022 and 39.023(i) would conflict with the grant of rule-making authority to the Commissioner in section 9 of Senate Bill 103.  You have asked, in that regard, whether the provisions of sections 39.022 and 39.023(i) give the Board power to control the Commissioner's implementation of section 39.023. *See* Request Letter, *supra* note 1, at 3.  They do not.  Unlike the relevant provisions of sections

39.022 and 39.023(i), the delegation by section 9 of Senate Bill 103 to the Commissioner of power to "adopt rules for the implementation of section 39.023" was adopted in 1999. *See* Act of May 30, 1999, 76th Leg., R.S., ch. 397, § 9, 1999 Tex. Gen. Laws 2502, 2505. Section 9 is more recent than sections 39.022 and 39.023(i), and in its direct reference to rule-making authority by the Commissioner in this area, it is more specific. Accordingly, to the extent of a conflict between section 9 of Senate Bill 103 and sections 39.022 and 39.023(i), under the terms of the Code Construction Act, section 9 prevails. *See* TEX. GOV'T CODE ANN. §§ 311.025 (statute most recent in date of enactment prevails); .026 (special law prevails over general unless general is more recent) (Vernon 1998). The Commissioner's rule-making authority under that section is not subject to the control of the State Board.

You next ask, assuming that we have found that the State Board has authority to adopt a rule controlling the development of the assessments or to control the Commissioner's implementation authority under section 9 of Senate Bill 103, what the extent of that authority may be. Given that we have concluded that the State Board does not have such authority, we do not consider this question.

You next ask whether the particular proposed rule to which we have previously referred as the source of this controversy may be adopted by the State Board. The proposed rule attempts to exercise authority over test preparation itself. It is not merely aspirational, but states in categoric terms what may or may not appear on the test. Accordingly, given that authority over the contents of the tests themselves is not given to the State Board, it may not adopt a rule exercising such authority.

Finally you ask what rules if any are "required by the implementing provision from the 1999 amendments to Section 39.023." Request Letter, *supra* note 1, at 3. The only such rules the Commissioner is specifically directed to adopt by section 9 of Senate Bill 103 require: (1) the Commissioner to provide that the TEA may include students' Algebra I test results in evaluating school performance; (2) the State Board, no later than the 2002-2003 school year to administer assessment instruments; (3) the TEA, no later than the 2004-2005 school year to include test results on each assessment instrument added by S.B. 103 in evaluating school performance; (4) the Board, no later than the 2004-2005 school year, to administer mathematics tests for grades nine and ten, reading tests for grade nine, and English language arts tests for grade ten; (5) the TEA, no later than the 2006-2007 school year, to include student performances on those mathematics, reading, and English language arts tests in school evaluations; (6) the Board to administer "each appropriate assessment instrument under Section 39.023, Education Code, as that section existed before amendment of this Act"; and (7) that a student who satisfactorily performs on end-of-course tests and has otherwise completed the requirements for high school graduation is entitled to a high school diploma. *See* Act of May 30, 1999, 76th Leg., R.S., ch. 397, § 9, 1999 Tex. Gen. Laws 2502, 2505-06. In short, the duties given the State Board in these implementing rules have to do with test administration, and not test design; no rule-making authority is given to the State Board by section 9.

## S U M M A R Y

The State Board of Education's general responsibility with respect to the assessment of students' knowledge and skills is to create and implement a statewide assessment program. The development of appropriate assessment instruments, which is to say tests, is the responsibility of the Texas Education Agency. The State Board of Education may not adopt a rule infringing on the authority over that preparation that the legislature has specifically delegated to the Texas Education Agency.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General, Opinion Committee